GARFIELD F. BROWN v. THE TEXAS COMPANY, a CORPORATION, AND ROBERT A. YANDELL, TRADING AS YANDELL MOTOR SALES COMPANY.

(Filed 20 May, 1953.)

**1. Master and Servant § 4a—**

A firm contracting to erect a sign in accordance with specifications on a lump-sum basis, with exclusive right to direct the manner and method of doing the work and having the obligation of furnishing material and labor, is an independent contractor.

**2. Master and Servant § 12—**

It is the duty of the independent contractor and not the contractee to furnish the contractor's employees a safe place in which to work and proper safeguards against such dangers as may be incident to the work.

**3. Same—**

Ordinarily the contractee is not liable for injuries sustained by employees of an independent contractor unless the work is inherently dangerous.

**4. Same—Contributory negligence of employee of independent contractor held to bar recovery against contractee.**

In performing work under an independent contract, plaintiff, a member of the contracting firm, elected to stand on a three-inch pipe some sixteen

or seventeen feet above the pavement with nothing to which he could hold or balance himself except a two-inch upright pipe which was screwed into the welded joint, and fell to his injury while attempting to apply considerable pressure with a heavy wrench to a horizontal pipe he was screwing into a joint at the top of the upright pipe. Plaintiff had employed contractee's employee to weld the joint, and the welder had assured plaintiff that welding would make a sound, strong joint. *Held:* Even if plaintiff fell because the welded joint broke loose, his contributory negligence in voluntarily adopting a manner and method of doing the work which was attendant with danger apparent to any man of ordinary prudence, bars recovery from the contractee as a matter of law, since it is apparent that the hazard plaintiff himself thus created was one of the proximate causes of his fall and resultant injuries.

APPEAL by plaintiff from *Sharp, Special Judge,* January Extra Civil Term, 1953, MECKLENBURG. Affirmed.

Civil action to recover compensation for personal injuries.

Plaintiff, prior to 1950, was the head of a corporation which was engaged in the business of painting, repairing, erecting signs, and performing other similar small jobs on a contract basis. His company was frequently engaged by defendant Texas Company. After leaving the State for a short while, he returned and formed a partnership with one J. T. Lovern for the purpose of engaging in the same type of business, under the firm name of J. T. Lovern & Company. While one Lefear, employed by the firm, usually supervised the erection of signs, plaintiff actively assisted in doing the necessary work on this and on one or two other occasions.

In the spring or early summer of 1951, defendant Texas Company leased a retail service station at Pineville to defendant Yandell and employed plaintiff's firm to erect on the premises a banjo-type sign to advertise the fact that it was a Texas Company station. It was later changed to a bracket-type sign.

Plaintiff's firm accepted the contract to erect the sign on a lump-sum basis, and it was to furnish the pipes, joints, and other necessary material other than the sign itself. The Texas Company furnished, at plaintiff's request, a rough drawing or sketch of the work to be done, with specifications.

One Hanna, manager of the Texas Company in that area, offered to allow plaintiff to use second-hand pipe it had on hand and went with him to a pile of scrap pipe, pointed out two pieces of two-inch pipe about the right length, and told plaintiff he could use them if he so desired. "He told me I could use any of the pipe I needed." Plaintiff or Mr. Lovern took the two pieces pointed out by Hanna.

At the service station where the sign was to be erected, there was a three-inch upright pipe set at the pump island and another attached to the

roof of the service station building. A three-inch horizontal cross bar extended from one upright to the other. Plaintiff's firm was to attach a two-inch pipe extension to the upright pipe at the pump island. To the top of this upright pipe, another pipe about seven feet long was to be attached, extending out horizontally, arm fashion, upon which the sign was to be hung.

Having installed a T reducer joint at the top of the upright pipe at the pump station, plaintiff undertook to install the two-inch upright extension pipe by screwing it into the reducer joint. He discovered that the threads on the pipe were so rusty and worn that this could not be done without cutting new threads. Yandell undertook to help him find a man in Pineville who could cut the threads, but he was out of town. Rather than take the time to return to Charlotte to have this work done, plaintiff employed Yandell's welder to weld the two-inch pipe to the reducer joint, and the welder assured him the welding would make a sound, strong joint.

After installing the two-inch upright pipe, plaintiff stood on the three-inch horizontal bar, put his left arm around the two-inch upright and his left hand on top to hold and balance himself and undertook to screw the two-inch horizontal bar or arm into the joint at the top. As the threads on this pipe had been painted over and were rusty, he could screw it in by hand only a distance of three or four threads. He then took his wrench and undertook to screw it in by applying considerable pressure. He lost his balance, fell to the pavement below and was seriously injured.

In describing the accident, he testified:

"I made three or four pulls on that and all at once over I went on my face. That's as far as I remember . . . the pipe was rusty and the threads, they had been painted over with a coat of black paint. I saw that before I got up there . . . When I was standing on that three inch horizontal pipe . . . I knew at that time that the only thing that was holding that upright pipe there was the weld of the reducer."

The plaintiff alleges that the defendant was negligent in that it (1) did not give adequate instructions and specifications, (2) furnished defective parts and materials, (3) failed to warn of the dangers inherent in the work, (4) let the contract at a price that did not permit plaintiff to provide a proper platform upon which to work while installing the pipe, and (5) failed to provide necessary safeguards or give necessary instructions to avoid injury.

Plaintiff took a voluntary nonsuit as to the defendant Yandell, and, at the conclusion of the evidence for plaintiff, the court, on motion of defendant, entered judgment of nonsuit as to the defendant Texas Company. Plaintiff excepted and appealed.

*E. A. Hilker and Robinson & Jones for plaintiff appellant.*
*Tillett, Campbell, Craighill & Rendleman for defendant Texas Company, appellee.*

BARNHILL, J. We are inclined to the view that the evidence, considered in the light most favorable to the plaintiff, fails to disclose any negligent breach of duty on the part of defendant which could have in any wise contributed to his injury.

The plaintiff admits he was not an employee of defendant, and on this record it appears that the contracting firm of which he was a member was an independent contractor. It agreed to perform a specified contract on a lump-sum basis. It was to furnish the material and labor and had the exclusive right to direct the manner and method of doing the work. And it was its duty, and not the duty of the defendant, to furnish its employees a safe place in which to work and proper safeguards against such dangers as might be incident to the work to be done. *Hayes v. Elon College,* 224 N.C. 11, 29 S.E. 2d 137; *Bass v. Wholesale Corp.,* 212 N.C. 252, 193 S.E. 1; *Beach v. McLean,* 219 N.C. 521, 14 S.E. 2d 515; *Mc-Craw v. Mills, Inc.,* 233 N.C. 524, 64 S.E. 2d 658; *Wood v. Miller,* 226 N.C. 567, 39 S.E. 2d 608.

None of those conditions which impose liability upon the owner-contractee for injuries sustained by employees of an independent contractor are made to appear. While the manner and method of doing the work adopted by plaintiff may have been attended with great risk, there was nothing inherently dangerous in the work to be done when and if performed in a careful and prudent manner and with due regard to the safety of those who were employed to do it. *Deaton v. Elon College,* 226 N.C. 433, 38 S.E. 2d 561.

But we may concede, *arguendo,* that there is evidence of negligence on the part of the defendant. Even so, it clearly appears that plaintiff failed to exercise ordinary care for his own safety, and that such want of due care on his part was at least one of the proximate causes of his fall and resulting injuries.

While there are many detailed facts appearing in the testimony, as is evidenced by the accompanying summary of the testimony, the determinative facts on this question are few and to the point. Plaintiff was a member of the contracting partnership, and it was his duty to furnish adequate facilities for himself and all other employees of his company. Yet he undertook to stand on a three-inch pipe sixteen or seventeen feet above the pavement, with nothing to which he could hold or balance himself except a two-inch upright pipe weighed down at the top by a horizontal pipe seven feet long. While undertaking to balance himself by holding to this slim pipe with his left hand, he reached up and attempted

to apply considerable pressure to the horizontal pipe with a heavy wrench. Whether he fell because the welded joint broke loose or whether his fall caused the welding to give way is not made to appear. In either event the danger attendant upon the manner and method he voluntarily adopted in doing the work should have been apparent to any man of ordinary prudence. The conclusion that the hazard he thus created was at least one of the proximate causes of his fall and resulting injuries is inescapable. *Atkins v. Transportation Co.,* 224 N.C. 688, 32 S.E. 2d 209; *Ingram v. Smoky Mountain Stages, Inc.,* 225 N.C. 444, 35 S.E. 2d 337; *Caulder v. Gresham,* 224 N.C. 402, 30 S.E. 2d 312; *Samuels v. Bowers,* 232 N.C. 149, 59 S.E. 2d 787; *Levy v. Aluminum Co.,* 232 N.C. 158, 59 S.E. 2d 632.

We can appreciate the desire of plaintiff to "turn a dollar" on a small contract and the attendant temptation to "cut corners" and assume risks that otherwise would have been avoided, but this forms no basis for holding defendant liable for the unfortunate occurrence which followed.

The judgment entered in the court below is

Affirmed.