CLINTON S. FORBIS, JR. AND WIFE, NANCY M. FORBIS v. GERALD DOUG-LAS HONEYCUTT AND WIFE, PATRICIA ARROWOOD HONEYCUTT

No. 122

(Filed 6 January 1981)

**1. Rules of Civil Procedure § 12— motion to dismiss — failure to state claim for relief**

A complaint may be dismissed on motion filed under Rule 12(b)(6) if it is clearly without merit, and such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim.

**2. Rules of Civil Procedure § 12— sufficiency of complaint to withstand motion to dismiss**

A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defend-

ant notice of the nature and basis of plaintiff's claim so as to enable him to answer and prepare for trial.

**3. Brokers and Factors § 3— exclusive listing agreement for real estate — no authority by agent to enter binding contract of sale**

An exclusive listing agreement for real estate which sets out the sales price, fixes a commission and provides an expiration date for the exclusive listing does not confer upon the real estate agent authority to enter into a contract of sale which is binding on the seller.

APPEAL of right by plaintiffs from a decision of the Court of Appeals reported in 48 N.C. App. 145, 268 S.E. 2d 247 (1980) (*Wells, Martin, Harry C., J.J.*, concurring, *Webb, J.*, dissenting), affirming the granting of defendants' motion to dismiss pursuant to Rule 12 (b)(6), N.C. Rules of Civil Procedure, entered by *Mills, Judge* at the 19 November 1979 Session of Superior Court, CABARRUS County.

In this appeal we consider whether an exclusive listing agreement for real estate, which sets out the sale price and other terms of sale, confers upon the agent authority to enter into a contract of sale on behalf of the seller. We hold that it does not and affirm the Court of Appeals.

*Forbis & Grossman, by Steven A. Grossman, for the plaintiff-appellants.*

*Carroll & Scarbrough, by James F. Scarbrough, for defendant-appellees.*

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Harry H. Harkins, Jr., for the North Carolina Real Estate Licensing Board, amicus curiae.*

CARLTON, Justice.

Plaintiffs bring this action seeking specific performance of an exclusive listing contract for certain real property. In their complaint, plaintiffs allege that defendants are the owners of the property, and that on or about 13 July 1979 the defendants signed an exclusive listing agreement whereby the land was listed for sale with Kiser Beaver Real Estate, Inc.

Plaintiffs further allege that they executed a written offer to purchase the property for the price quoted in the listing agreement, and delivered that offer to Kiser Beaver Real Estate, Inc., together with earnest money of $600.00. Plaintiffs sold their home in anticipation of buying the subject real property from the defendants.

Plaintiffs also stand ready, willing and able to fulfill the terms of their offer, but defendants refuse to convey the property. Plaintiffs pray that defendants be required to execute a general warranty deed to them conveying the subject property.

Defendants answered, alleging as a first defense that plaintiffs' complaint failed to state a claim upon which relief could be granted. Subsequently, defendants filed a separate motion to dismiss under G.S. 1A-1, Rule 12 (b) (6) which, following a hearing, was granted by the trial court. Plaintiffs appealed to the Court of Appeals and that court affirmed the trial court.

[1,2]  The procedural issue presented is whether the trial court properly allowed the motion to dismiss pursuant to Rule 12 (b) (6), N.C. Rules of Civil Procedure. The test on a motion to dismiss for failure to state a claim upon which relief can be granted is whether the pleading is legally sufficient. 11 Strong, N.C. Index 3d, Rules of Civil Procedure § 12 (1978). A complaint may be dismissed on motion filed under Rule 12 (b) (6) if it is clearly without merit; such lack of merit may consist of an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim, or the disclosure of some fact which will necessarily defeat the claim. *Hodges v. Wellons*, 9 N.C. App. 152, 175 S.E. 2d 690 (1970). For the purpose of a motion to dismiss, the allegations of the complaint are treated as true. *Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282 (1976). A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant notice of the nature and basis of plaintiffs' claim so as to enable him to answer and prepare for trial. *Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 257 S.E. 2d 50 (1979).

Turning to the question whether plaintiffs' complaint states a claim upon which relief can be granted against defendants, we agree with the Court of Appeals that the dispositive substantive question is whether the listing agreement vested in the real estate agent the authority to enter into a contract binding on defendants to convey the subject property. If it did, plaintiffs' pleadings are "legally sufficient" to proceed to trial. If it did not, there appears "an absence of law to support a claim of the sort made" and "an insurmountable bar to recovery" appears on the face of the complaint.

[3]  We join the majority of jurisdictions and hold that a real estate

listing agreement such as the one in question here does not confer on the real estate agent authority to enter into a contract binding the owners to convey.

The key provisions of the listing agreement here are as follows:

The Owner hereby gives to the Agent the exclusive right to sell the property hereinafter listed at the price and upon the terms set forth below or at such other price as the parties hereto may agree upon. This listing contract shall continue until midnight, the last hour of 13 October 1979.

Property to be sold: 1616 Longbow Drive, Kannapolis, North Carolina 28081.

Sale Price: Sixty two thousand five hundred Dollars ($62,500.00).

. . . .

If the property is sold, leased, transferred or exchanged by the Owner or by any other party before the expiration of this listing, at any terms accepted by the Owner or within three months thereafter to any purchaser with whom the Agent or Owner negotiated during the listing, or if a ready, willing and able purchaser is procured, the Owner agrees to pay the Agent's commission. The Agent's commission for his services shall be SIX per cent (6%) of the gross sale price.

. . . .

It is understood and agreed that if the property is sold during the period set forth herein, Owner will execute and deliver a fee simple deed with the usual covenants of warranty, subject only to current ad valorem taxes (which are to be prorated on the calendar year basis to the date of closing the transaction), existing easements, rights-of-way, and restrictive covenants, if any, and the following encumbrances, (if none, so state).

1st Mortgage - Citizens S & L, Kannapolis Bal. 24,500.00 Payment 266.00 PIT 9% loan

Owner agrees to give a purchaser possession of the

property by at the time of final settlement.

The Owner agrees to enter into contract of sale with and to convey said property by good and sufficient deed with usual warranties to such ready, willing and able purchaser for the price and on the terms and conditions herein stated: or if the stated price cannot be obtained, in the alternative, for such other price or on such other terms and conditions as the Owner may approve. This property which is the subject matter of this agreement is offered without respect to race, creed, color or national origin.

As the Court of Appeals recognized, the question here presented is one of first impression in this State. Case law from other jurisdictions, though, establishes the majority rule that a real estate broker listing agreement such as the one in this case does not confer on a real estate broker authority to enter into a binding contract to convey the disputed property. *See* Annot., Power of Real-Estate Broker to Execute Contract of Sale in Behalf of Principal, 43 A.L.R. 2d 1014 (1955).

It is well settled that in the absence of special authority, the agent who is authorized by his principal to negotiate the sale of real estate has no power to bind his principal to a contract to convey. *McCall v. Institute*, 189 N.C. 775, 128 S.E. 349 (1925). An agent's authority from his principal to sell real estate is not to be readily inferred, but exists only where the intention of the principal to give such authority is plainly manifest. *O'Donnell v. Carr*, 189 N.C. 77, 126 S.E. 112 (1925).

Of course, a real estate agent *may* be vested with authority to enter into a contract of sale binding on the owner. *Combes v. Adams*, 150 N.C. 64, 63 S.E. 186 (1908). But such authority must be expressly conferred upon the agent or necessarily implied from the terms of the particular contract. *Gallant v. Todd*, 235 S.C. 428, 111 S.E. 2d 779 (1960).

However, language relied upon to confer such authority must be specific, adequate, and appropriate to express an intention to create such power, in addition to the limited power inherent in the conventional relationship of owner and broker, merely to find a purchaser with whom the

owner may negotiate with the object of entering into a
contract of sale.

12 Am. Jur. 2d, Brokers, § 71.

Applying the foregoing to the case *sub judice*, we first note that
plaintiffs pled only the agreement between the defendants and the
broker as a basis for finding the requisite contractual power in the
agent. Our inquiry, then, is limited to the question whether as a
matter of law this agreement gave the defendants' agent authority
to contractually bind the defendants. We hold that it did not.

While the listing agreement states that the agent shall have an
exclusive "right to sell" the property, such a provision does not
imply authority to enter into a contract binding on the owners for
the sale of the property. When used in contracts between real estate
agents and owners of land, the term "to sell" is generally given the
restricted meaning of power to find a purchaser, and alone is not
sufficient to empower a real estate agent to enter into a contract of
sale. Restatement 2d, Agency, § 53 interprets the terms "to buy"
and "to sell" as meaning that the agent shall (a) find a seller or
purchaser from whom or to whom the principal may buy or sell; (b)
make a contract for purchase or sale; or (c) accept or make a
conveyance for the principal. Comment (b) under this section says:

> *Land.* Unless the price and other terms have been
> completeley stated by the principal, it is the normal infer-
> ence that an agent employed "to buy" or "to sell" land and
> not given a formal power of attorney is authorized merely
> to find a seller or a purchaser with whom the principal is
> to conduct the final negotiations. *This inference is strength-*
> *ened if the agent is a broker who ordinarily merely solicits;*
> *even where the complete terms have been set out, it is ordi-*
> *narily inferred that such a person is employed merely to*
> *find a customer.* Authority to accept or to make a convey-
> ance of land for the principal is found only if clearly
> expressed in the authorization or clearly indicated by the
> circumstances. (Emphasis added.)

Under the quoted language of the Restatement, plaintiffs'
claim is not persuasive merely because the listing agreement here
sets a sales price, fixes a commission and provides an expiration
date for the exclusive listing. The agent was not given a power of

attorney, nor any authority to contract on behalf of defendants. We see nothing in this agreement to defeat the normal inference that the agent was employed solely to find a buyer.

Our decision that the authority of the agent did not include the power to contract under the facts of this case is also supported by practical reasons and the inherent relationship of the parties. The decision whether to sell the land, on what terms, and to whom, involves complex questions which should not be deemed readily entrusted to an agent. Where several offers are received by an agent, they may vary not only as to price but also as to terms, financing, date of possession or numerous other factors. A decision on such matters would normally be for the owners of real estate, not their agents. Under the terms of the agreement set out above, we do not believe defendants intended to vest this agent with authority beyond that of finding willing purchasers. The decision of the Court of Appeals is

Affirmed.