***********
The Full Commission reviewed the prior Decision and Order based upon the record of the proceedings before Deputy Commissioner Glenn, and the briefs and oral arguments before the Full Commission. The appealing party has shown good grounds to reconsider the evidence in this matter. Having reconsidered the evidence of record, the Full Commission hereby reverses the Deputy Commissioner's Decision and Order and enters the following Interlocutory Decision and Order.
 ***********
Based upon all the competent evidence of record, and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT *Page 2 
1. On May 4, 2005, plaintiff was an employee of Wake Medical Center ("WakeMed"), working as a surgical technician in the operating room at WakeMed's main hospital in Raleigh, North Carolina.
2. On May 4, 2005, Harry M. Lightfoot, Jr., M.D., was a resident physician employed by defendant, University of North Carolina Hospitals, a constituent institution of the University of North Carolina Health Care System and of the University of North Carolina ("UNC").
3. On August 23, 2006, plaintiff timely filed an affidavit claiming damages under the North Carolina Tort Claims Act for injuries she received while working as a surgical technician at WakeMed during a surgical procedure on May 4, 2005.
4. In her affidavit, plaintiff indentified the responsible state employee/agent as Dr. Lightfoot, who was working next to her in the operating room at WakeMed at the time of her injury. Plaintiff has alleged that during a surgical procedure on May 4, 2005, Dr. Lightfoot negligently caused injury to her with a scalpel, causing plaintiff serious and permanent injuries. Defendant has admitted that plaintiff sustained a cut to her left index finger, but denied it occurred as a result of negligence by Dr. Lightfoot.
5. Plaintiff received workers' compensation benefits for her injuries from her employer, WakeMed.
6. The record shows that at the time of plaintiff's injuries, Dr. Lightfoot had an employment contract with UNC. Dr. Lightfoot was working in the operating room at WakeMed pursuant to a contract between UNC and WakeMed. At not time did Dr. Lightfoot have an employment contract with WakeMed. *Page 3 
7. The contract between UNC and WakeMed required UNC to provide liability insurance, including coverage under the Tort Claim Act, for all of its resident physicians, including Dr. Lightfoot, and required WakeMed to provide liability insurance for its employees. The contract further contained an agreement that the relationship between UNC and WakeMed "will create a relationship of independent contractors;" and that "nothing in this agreement will be construed as, or be deemed to create a relationship of employee and employer, principal and agent, or any relationship other than that of independent parties contracting with each other solely for the purpose of carrying out the provisions of this agreement."
8. At the time of the injury giving rise to this action, Dr. Lightfoot and plaintiff were assisting Dale William Oller, M.D., in a surgical procedure. The record shows that Dr. Oller was employed by UNC as a staff physician and a faculty member of the Department of Surgery of UNC School of Medicine. Dr. Oller had staff privileges at WakeMed, but was not an employee of WakeMed. Dr. Oller was Dr. Lightfoot's immediate supervisor in the operating room at the time of plaintiff's injury. Pursuant to the contract between UNC and WakeMed, Dr. Oller was present to "review and direct the resident's work and services from a clinical perspective."
9. Based on the totality of the evidence of record, the Full Commission finds that at the time of the injury giving rise to this action, plaintiff was an employee of WakeMed and Dr. Lightfoot was an employee of UNC being supervised on matters relevant to this case by Dr. Oller, also an employee of UNC. Dr. Lightfoot was not plaintiff's co-employee and was not a borrowed servant of WakeMed. Because Dr. Lightfoot did not have a contract for hire with WakeMed, he was not doing WakeMed's work at the time of plaintiff's injury, and WakeMed did not have the right to control the details of his work.
 *********** *Page 4 
Based upon the foregoing findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Based on the totality of the evidence of record, the Full Commission concludes that at the time of the injury giving rise to this action, plaintiff was an employee of WakeMed and Dr. Lightfoot was an employee of UNC being supervised on matters relevant to this case by Dr. Oller, also an employee of UNC. Dr. Lightfoot was not plaintiff's co-employee and was not a borrowed servant of WakeMed. Because Dr. Lightfoot did not have a contract for hire with WakeMed, he was not doing WakeMed's work at the time of plaintiff's injury, and WakeMed did not have the right to control the details of his work. See Brown v.Friday Services, Inc., 119 N.C. App. 753, 759, 43 S.E.2d 356, 360
(1995), quoting Larson, Workmen's Compensation Law, § 48.00.
2. The Full Commission further concludes that, based on the facts in this matter, the exclusivity provision of North Carolina General Statutes section 97-10.1 does not preclude plaintiff from pursuing a Tort Claim against the defendant. N.C. Gen. Stat. § 97-10.1.
3. The Full Commission, in its discretion, concludes that the February 5, 2008 Decision and Order by Deputy Commissioner George T. Glenn, in which the plaintiff's claim was dismissed with prejudice, should be vacated and this matter should be remanded to a Deputy Commissioner for the taking of evidence and further hearing, if necessary, and the entry of a Decision and Order in regard to the issues of negligence and damages, if any. N.C. Gen. Stat. § 143-291 et seq.
 ***********
Based upon the findings of fact and conclusions of law, the Full Commission enters the following: *Page 5 
 AWARD
1. The February 5, 2008 Decision and Order by Deputy Commissioner George T. Glenn, in which the plaintiff's claim was dismissed with prejudice, is hereby VACATED and this matter is hereby REMANDED to Chief Deputy Commissioner Stephen T. Gheen for assignment to a Deputy Commissioner for the taking of evidence and further hearing, if necessary, and the entry of a Decision and Order in regard to the issues of negligence and damages, if any.
2. Each party shall bear its own costs.
This 19th day of August 2008.
 S/________________________ DANNY LEE McDONALD COMMISSIONER
CONCURRING:
 S/________________________ BUCK LATTIMORE COMMISSIONER
 S/________________________ CHRISTOPHER SCOTT COMMISSIONER