REV. JAMES R. WALKER, JR., v. CITY OF CHARLOTTE AND WILLIAM H. JAMISON, SUPERINTENDENT OF BUILDING INSPECTION OF THE CITY OF CHARLOTTE.

(Filed 19 October, 1966.)

**1. Declaratory Judgment Act § 2—**

If the complaint in a proceeding under the Declaratory Judgment Act alleges facts disclosing a justiciable controversy, a demurrer should be overruled, notwithstanding that plaintiff may not be entitled to a favorable declaration on the facts stated in his complaint, since the demurrer merely challenges the sufficiency of the complaint to state a cause of action cognizable under the statute, and does not present the merits of the controversy for decision.

**2. Same; Municipal Corporations § 34—**

Where plaintiff has made repairs to his condemned house without first making written application and obtaining a permit therefor, and institutes a proceeding under the Declaratory Judgment Act seeking to have those portions of the municipal ordinance prohibiting alterations or repairs without a written permit declared unconstitutional, and seeks to restrain the city from demolishing the structure until a final declaration of the matter, it is error for the trial court to sustain a demurrer to the complaint, and the cause will be remanded to the end that defendant be allowed time to file an answer, so that the questions presented may be properly adjudicated by appropriate decree.

BOBBITT and SHARP, J.J., concur in the result.

APPEAL by plaintiff from *Jackson, J.,* at February 21, 1966, Schedule "B" Term, MECKLENBURG Superior Court.

The plaintiff is the owner of a house and lot at 1449 S. Church Street, in the city of Charlotte. In his complaint he describes it as a one-story frame duplex house, with electricity, two bathrooms, connected to City sewer system, with hot and cold running water and gas heat. He claims it was re-roofed in 1960, and was at all

times maintained up to the existing standards for housing and repaired as authorized by building permits issued by the defendants.

Needless to say, as appears in the complaint, the City does not accept the above as an accurate description, but describes it as in a "dangerous condition . * * * open and unoccupied * * * dangerous to the health or lives of the general public and persons passing near or living in the vicinity * * *. (it) presents a hazard to children who may play in and around it and endangers the security of adjoining property by being open to vagrants." It is in an area which has been set aside for redevelopment, and on 12 April, 1963, the building inspector of the City of Charlotte notified the plaintiff that the house was in a dangerous condition that required correction.

On 24 March, 1964, the defendants notified the plaintiff that since the house was dangerous to the health or lives of the general public, and represented a hazard to children, and that nothing had been accomplished toward correcting the dangerous defects and to render the building safe, it was declared unsafe and condemned and the plaintiff was ordered to remove it within 30 days from the date of that letter. Having failed to comply with the orders of the city, the defendant Jamison swore out a warrant against the plaintiff on 23 June, 1964, charging him with wilfully violating Sec. 5-4(c) of the Code of the City of Charlotte by renovating and repairing his residence located at 1449 S. Church Street without first making application and obtaining a written permit therefor from the building inspection department of the city. He was convicted on this charge in the City Recorder's court, appealed to the Superior Court of Mecklenburg County, where he was again convicted, and from a 30-day sentence suspended upon certain conditions, he appealed to this Court. No error was found and the opinion was recorded in 265 N.C. at page 482. The plaintiff further appealed from that decision to the Supreme Court of the United States, where the matter is now pending as far as the record discloses.

On 23 July, 1964, the plaintiff instituted an action similar to this and against the same parties, in which he sought to have ordinances of the city of Charlotte which provide against alteration or repairs of structures without first obtaining a written permit from the inspection department declared unconstitutional, and for a perpetual injunction against the city to enforce said ordinances.

Judge Clark of the Superior Court restrained the city from demolishing the building until the final determination of the action but refused to issue a temporary restraining order against the enforcement of the provisions of the building code. The plaintiff appealed from that decision, which was affirmed by this Court at the

Fall Term, 1964. *Walker v. City of Charlotte,* 262 N.C. 697, 138 S.E. 2d 501. That litigation was later terminated — this record shows no more.

The present action was instituted by the plaintiff against the City of Charlotte on 19 November, 1965, in which he seeks to have the Court declare  (1)  that those parts of the Charlotte City Charter referred to above are void and unconstitutional and in conflict with and an abridgement of his rights under the North Carolina Constitution and of the Fourth and Fourteenth Amendments of the U. S. Constitution;  (2)  that G.S. 160-151 referred to in his complaint should be declared unconstitutional;  (3)  that the Court declare portions of the building code of the City of Charlotte unconstitutional;  (4)  that the Order of 24 March, 1964, directing him to remove his residence be declared void and of no legal effect;  (5) that a perpetual injunction issue enjoining and restraining the defendants from enforcing the provisions referred to above. The City demurred to the plaintiff's complaint on the grounds that it does not state facts sufficient to constitute a cause of action in that the plaintiff has completely failed to show such circumstances as to warrant the exercise by equity of its injunctive power, and in that it is manifest that a court of law in a criminal prosecution can and will afford an adequate legal remedy to test the constitutionality of the State statutes and municipal ordinances challenged in the complaint.

Upon the hearing, Judge Jackson held that the complaint does not state facts sufficient to constitute a cause of action for the reasons sought, sustained the demurrer and dismissed the action.

The plaintiff appealed.

*James R. Walker, Jr., for plaintiff appellant.*
*J. W. Kiser, Henry W. Underhill, Jr., for defendants appellees.*

PLESS, J.   Where a justiciable controversy is alleged — as is the case here — the authorities are unanimous that demurrer does not lie in a case brought under G.S. 1-253-267, the Declaratory Judgment Act. With her usual thoroughness, Sharp, J., speaking for this Court in *Ins. Co. v. Roberts,* 261 N.C. 285, 134 S.E. 2d 654, deals with this subject. In that opinion an excerpt from *Cabell v. Cottage Grove,* 170 Ore. 256, 130 P. 2d 1013, 144 A.L.R. 286, concisely states this rule:

> "The test of the sufficiency of a complaint in a declaratory judgment proceeding is not whether the complaint shows that the plaintiff is entitled to the declaration of rights in accordance

with his theory, but whether he is entitled to a declaration of rights at all, so that even if the plaintiff is on the wrong side of the controversy, if he states the existence of a controversy which should be settled, he states a cause of suit for a declaratory judgment. And where a complaint in a proceeding for a declaratory judgment stated a justiciable controversy, a demurrer should have been overruled, and after the filing of an answer a decree containing a declaration of right should have been entered."

We find no exceptions to the above rule. Based, of course, on the premise that a justiciable controversy is stated, the authorities hold:

"A demurrer is rarely an appropriate pleading for a defendant to file to a petition for declaratory judgment. Where the plaintiff's pleading sets forth an actual or justiciable controversy, it is not subject to demurrer since it sets forth a cause of action, even though the plaintiff may not be entitled to a favorable declaration on the facts stated in his complaint; that is, in passing on the demurrer, the court is not concerned with the question whether plaintiff is right in a controversy, but only with whether he is entitled to a declaration of rights with respect to the matters alleged," 22 Am. Jur. 956, Declaratory Judgments, Sec. 91.

And in 26 C.J.S. 334, Declaratory Judgments, Sec. 141, we find:

"The general rule is that where plaintiff's pleading, in an action for a declaratory judgment, sets forth an actual or justiciable controversy, or a bona fide justiciable controversy, it is not subject to demurrer, since it sets forth a cause of action. This is true even though plaintiff is not entitled to a favorable declaration on the facts stated in his complaint, or to any relief, or is wrong in his contention as to his ultimate rights, since, in passing on the demurrer, the court is not concerned with the question whether plaintiff is right in the controversy, but is only concerned with whether he is entitled to a declaration of rights with respect to the matters alleged."

The cause is hereby remanded to the Superior Court of Mecklenburg County and the defendant is allowed 30 days from the filing of this opinion in which to answer the Complaint. The Court will thereupon adjudicate the questions presented by appropriate decree.

Error and remanded.

BOBBITT and SHARP, J.J., concur in the result.