JAMES HENRY NEWTON, SR., ADMINISTRATOR OF THE ESTATE OF JONATHAN LEGRANDE NEWTON, PLAINTIFF v. THE OHIO CASUALTY INSURANCE COMPANY, DEFENDANT AND THIRD-PARTY PLAINTIFF v. HARTFORD ACCIDENT AND INDEMNITY COMPANY, THIRD-PARTY DEFENDANT

No. 8820SC253

(Filed 20 September 1988)

**Declaratory Judgment Act § 4.3— automobile liability insurance—two insurers— maximum liability of each—no justiciable controversy**

　　Plaintiff could not seek a declaratory judgment to determine the maximum liability owed by defendant insurers to plaintiff under their respective automobile liability policies prior to a jury trial on the merits of plaintiff's claim against the insurers, since there was no justiciable controversy; moreover, all of the issues between all of the parties had not been decided, and the appeal was therefore interlocutory and subject to dismissal.

APPEAL by plaintiff from *Davis (James C.), Judge.* Judgment entered 30 November 1987 in Superior Court, RICHMOND County. Heard in the Court of Appeals 1 September 1988.

Plaintiff brought these actions to recover under the underinsurance provisions of two separate automobile liability policies. Jonathan Newton, plaintiff's intestate, died in a single car accident on 20 April 1985 while riding as a passenger in a non-owned vehicle driven by Hogan Larry Spencer. Spencer's insurer paid plaintiff the limits of its liability, $25,000, for the death of his intestate.

Plaintiff then instituted two separate suits against his insurers, The Ohio Casualty Insurance Co. (Ohio Casualty), 86-CVS-

480, and Hartford Accident and Indemnity Company (Hartford), 86-CVS-479. Each insurer answered and alleged specific defenses to plaintiff's claims. In 86-CVS-480 Ohio Casualty named Hartford as a third-party defendant claiming that in the event that it was found liable Hartford should contribute one-half of any award.

Ohio Casualty and Hartford both moved for partial summary judgment on the issue of the maximum liability each company might owe plaintiff. The trial court granted partial summary judgment in favor of Ohio Casualty and Hartford ordering that any recovery from defendants be limited to a maximum of $12,500 from each insurer. Plaintiff appealed. The trial court stayed the proceedings in 86-CVS-479 against Hartford pending plaintiff's appeal. The parties want the insurers' respective liability established by declaratory judgment prior to a jury trial on the merits of plaintiff's claim.

*Dawkins & Nichols, by Donald M. Dawkins, for plaintiff-appellant.*

*Etheridge, Moser and Garner, by Kennieth S. Etheridge and Jerry L. Bruner, for defendant-appellee.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by D. James Jones, Jr. and Theodore B. Smyth, for third-party defendant-appellee.*

EAGLES, Judge.

Plaintiff attempts to bring this appeal as a declaratory judgment action to determine the maximum liability owed by Ohio Casualty and Hartford to plaintiff under their respective automobile liability policies. We find no present actual controversy sufficient to sustain jurisdiction under the Declaratory Judgment Act and, accordingly, we dismiss the appeal.

An actual controversy between adverse parties is a jurisdictional prerequisite for a declaratory judgment. *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 316 S.E. 2d 59 (1984). Provided an actual controversy exists, the liability of an insurance company pursuant to its insurance contract is properly the subject of a declaratory judgment. *Ramsey v. Interstate Insurors, Inc.*, 89 N.C. App. 98, 365 S.E. 2d 172, *disc. rev. denied*, 322 N.C. 607, 370 S.E. 2d 248 (1988). Our case law, however, recognizes the difficul-

ty in determining whether a justiciable controversy exists. *Sharpe v. Park Newspapers of Lumberton*, 317 N.C. 579, 347 S.E. 2d 25 (1986).

The Supreme Court in *Sharpe* stated that a justiciable controversy exists where "litigation appear[s] unavoidable." *Id.* at 589, 347 S.E. 2d at 32. In determining when litigation is unavoidable, the *Sharpe* court quoted an earlier opinion which distinguished those certain and definite events which give rise to declaratory judgments from those "remote, *contingent*, and uncertain events that may never happen and upon which it would be improper to pass as operative facts." (Emphasis in original.) *Id.* at 590, 347 S.E. 2d at 32 (quoting *Consumers Power v. Power Co.*, 285 N.C. 434, 451, 206 S.E. 2d 178, 189 (1974)). We may also look to federal court decisions in determining the justiciability issue. *Id.* at 584, 347 S.E. 2d at 29.

In *Bellefonte Reinsurance Co. v. Aetna Cas. and Sur. Co.*, 590 F. Supp. 187 (S.D.N.Y. 1984), plaintiffs, defendant's reinsurers, instituted a declaratory judgment action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. section 2201, to determine their rights and liabilities under various reinsurance contracts with defendant. Plaintiffs' liability under the contracts, however, was predicated upon Aetna's liability to its insured, which was unresolved at the time. The district court held that no "present and unconditional danger" had been shown, but rather the danger was "contingent upon the happening of certain future or hypothetical events." *Id.* at 191. Because Aetna was not then liable to its insured, the court found that the action did not constitute an actual controversy and dismissed the case without prejudice.

Here the issue of liability has yet to be resolved. Ohio Casualty has presented defenses which could completely bar plaintiff's recovery. If Ohio Casualty was found not liable, an opinion here would be "a purely advisory opinion which the parties might . . . put on ice to be used if and when occasion might arise." *Tryon v. Power Co.*, 222 N.C. 200, 204, 22 S.E. 2d 450, 453 (1942). This we may not do.

In addition, should we not view this matter as a declaratory judgment action, the appeal still must be dismissed. All of the issues between all of the parties have not been decided and,

therefore, this action is interlocutory and subject to dismissal. *Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E. 2d 338 (1978).

For the foregoing reasons we dismiss plaintiff's appeal.

Dismissed.

Judges ORR and SMITH concur.