Selective Ins. Co. v. NCNB

SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, PLAINTIFF v. NCNB NATIONAL BANK OF NORTH CAROLINA AND THE STATE OF NORTH CAROLINA, DEFENDANTS, AND NCNB NATIONAL BANK OF NORTH CAROLINA, THIRD-PARTY PLAINTIFF v. AIRBORNE FREIGHT COR-PORATION D/B/A AIRBORNE EXPRESS, THIRD-PARTY DEFENDANT

No. 8710SC406

(Filed 18 October 1988)

1. **Declaratory Judgment Act § 5— bearer bonds lost by State—actual contro-versy and basis for declaratory relief stated in complaint—dismissal of com-plaint improper**

     Plaintiff's complaint should not have been dismissed for failure to state a claim where (1) plaintiff showed an actual controversy in that plaintiff had securities on deposit with the Commissioner of Insurance which were lost or stolen, loss of the bonds forced plaintiff to pay to have them reissued and to pay for a surety bond, in addition to losing interest which would accrue on the bonds, defendants' neglect was alleged to have caused plaintiff's damages, NCNB denied any wrongdoing, and the State did not answer plaintiff's com-plaint; and (2) the complaint presented a basis for declaratory relief where plaintiff alleged that the State, in a letter written to NCNB, admitted losing plaintiff's bearer bonds, plaintiff had to execute a surety bond for the State or lose its license to do business, and plaintiff asked for affirmative declaratory relief to declare the surety bond void and to relieve plaintiff of its obligation to the State, and asked for money damages for breach of trust as provided by N.C.G.S. § 58-182.6 and § 58-188.1.

2. **State § 5— bearer bonds lost by State—bank's crossclaim—tort claim against State—Industrial Commission proper forum**

     Where plaintiff alleged that securities which it had on deposit with the Commissioner of Insurance were lost or stolen, NCNB's crossclaim based on the theory that, if NCNB was liable to plaintiff, the State was liable to NCNB for contribution or indemnity because the State's negligence concurred with NCNB's as the cause of the loss of the bearer bonds was a tort claim against the State which must be heard in the Industrial Commission rather than the state court.

     Judge WELLS concurring in part and dissenting in part.

     APPEAL by plaintiff Selective Insurance Company of the Southeast and defendant NCNB National Bank of North Carolina from *Herring, D. B., Jr., Judge.* Order entered 15 December 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 28 October 1987.

*Petree Stockton and Robinson by Ray S. Farris and J. Neil Robinson for plaintiff appellant, Selective Insurance Company of the Southeast.*

*Smith Helms Mulliss and Moore by E. Osborne Ayscue, Jr., and Benne C. Hutson for defendant appellant, NCNB National Bank of North Carolina.*

*Attorney General Lacy H. Thornburg by Assistant Attorney General Angeline M. Maletto for defendant appellee, State of North Carolina.*

COZORT, Judge.

Plaintiff sued defendants State of North Carolina (hereinafter State) and the North Carolina National Bank (hereinafter NCNB) when securities plaintiff had on deposit with the Commissioner of Insurance were lost or stolen. The Commissioner required plaintiff to make and maintain deposits of securities as a condition of doing business in North Carolina. In December 1984, plaintiff asked the Commissioner of Insurance to release the deposited securities. To replace these securities, plaintiff agreed to deposit $500,000 par value, interest bearing, North Carolina State General Obligation Bonds (hereinafter the bearer bonds).

On 19 December 1984, plaintiff instructed NCNB, with whom it had a custodianship agreement, to deposit the bearer bonds with the Department of Insurance (hereinafter the Department). NCNB was instructed to deposit the released securities in the custodian account.

NCNB hired third-party defendant Airborne Freight Corporation to deliver the bearer bonds to the Department of Insurance, which it did on or about 15 January 1985.

In February 1985, NCNB asked the Department if it received the bearer bonds. On 13 February 1985, the Department responded that it received the Airborne package from NCNB but the bearer bonds had been lost or stolen after they were received. The bonds have yet to be found.

To continue to do business in North Carolina, plaintiff had the bearer bonds reissued. As a condition of reissuance, plaintiff executed a surety bond for the State. The surety bond required

that plaintiff hold the State harmless and indemnify it if the State incurred loss or damage from having to issue the same bonds twice.

In its complaint plaintiff asked for declaratory relief and breach of trust damages against the State. Plaintiff requested that the surety bond be declared void and that plaintiff be relieved of any obligation to the State. In one of its counts against NCNB, plaintiff asked for a declaration of liability under the custodianship agreement for damages plaintiff suffered in securing the surety bond. Plaintiff's second count alleged that NCNB was negligent.

NCNB filed an answer and asserted a crossclaim against the State for contribution and indemnity. (NCNB also filed a third-party complaint against Airborne, which is not at issue in this appeal.)

The State moved to dismiss plaintiff's complaint and NCNB's crossclaim. The motions to dismiss were granted, and plaintiff and NCNB appealed. We reverse the order dismissing plaintiff's complaint, but we affirm the dismissal of NCNB's crossclaim.

[1]  Our focus of review for the dismissal of a declaratory judgment action is twofold: (1) whether plaintiff has shown an actual controversy; and (2) whether the complaint presents a basis for declaratory relief. *Gaston Bd. of Realtors v. Harrison*, 311 N.C. 230, 234-35, 316 S.E. 2d 59, 62 (1984). "An actual controversy is a jurisdictional prerequisite for a declaratory judgment." *Newton v. Ohio Casualty Ins. Co.*, 91 N.C. App. 421, 422, 371 S.E. 2d 782, 783 (1988). In *Newton*, this court held that since plaintiff's injury was contingent on some future event or occurrence, an actual controversy does not exist. *Id.* In this case the injury to plaintiff has occurred and is measurable. The bonds were lost or stolen and have not been recovered. The loss of the bonds forced plaintiff to pay to have them reissued and to pay for a surety bond, in addition to losing interest which would accrue on the bonds. Defendants' neglect is alleged to have caused plaintiff's damages. NCNB has denied any wrongdoing. Moreover, the State has not answered plaintiff's complaint. The State filed a motion to dismiss, denying that plaintiff has stated a basis for recovery. We find an actual controversy exists.

The second step of our review is to determine whether plaintiff's complaint presents a basis for declaratory relief. *Harrison*, 311 N.C. at 234-35, 316 S.E. 2d at 62. The allegations of the complaint must be taken as true when the granting of a Rule 12(b)(6) motion to dismiss is reviewed on appeal. *Forbis v. Honeycutt*, 301 N.C. 699, 701, 273 S.E. 2d 240, 241 (1981). Concerning the standard used to judge whether a 12(b)(6) motion should be granted in a declaratory judgment action, the North Carolina Supreme Court has said:

> Demurrers in declaratory judgment actions are controlled by the same principles applicable in other cases. *Even so, it is rarely an appropriate pleading to a petition for declaratory judgment.* If the complaint sets forth a genuine controversy justiciable under the Declaratory Judgment Act, it is not demurrable even though plaintiff may not be entitled to prevail on the facts alleged in the complaint. This is so because the Court is not concerned with whether plaintiff's position is right or wrong but with *whether he is entitled to a declaration of rights with respect to the matters alleged.* 22 Am. Jur. 2d, Declaratory Judgments, § 91; *Walker v. Charlotte*, 268 N.C. 345, 150 S.E. 2d 493 (1966); *Woodard v. Carteret County*, 270 N.C. 55, 153 S.E. 2d 809 (1967).

*Newman Machine Co., Inc. v. Newman*, 275 N.C. 189, 194, 166 S.E. 2d 63, 66-67 (1969) (emphasis added), *cf.* N.C. Gen. Stat. § 1-253. ("Courts . . . shall have power to declare rights . . . *whether or not further relief is or could be claimed.*") (Emphasis added.)

Plaintiff's complaint presents a basis for declaratory relief. Taking plaintiff's allegations as true, the State, in a letter written to NCNB, admitted losing plaintiff's bearer bonds. Plaintiff had to execute a surety bond for the State or lose its license to do business. Plaintiff asked for affirmative declaratory relief to declare the surety bond void and to relieve plaintiff of its obligation to the State. In its second count plaintiff asked for money damages for breach of trust as provided by N.C. Gen. Stat. § 58-182.6 and § 58-188.1. N.C. Gen. Stat. § 58-182.6 contains language which arguably supports plaintiff's statement of a claim: "For the securities so deposited the faith of the State is pledged that they shall be returned to the companies entitled to receive them." Declaratory judgment is appropriate to declare the construction

and validity of a statute. *City of Raleigh v. Norfolk S. Ry. Co.*, 275 N.C. 454, 461, 168 S.E. 2d 389, 394 (1969). Furthermore, N.C. Gen. Stat. § 58-188.1(a) supports plaintiff's allegation that it has stated a claim for breach of trust, because that statute provides that the Commissioner of Insurance holds the bonds deposited with him "in trust." In short, we do not see an absence of law, or of fact, to support plaintiff's claim, or disclosure of a fact that necessarily defeats plaintiff's claim. *Forbis*, 301 N.C. at 701, 273 S.E. 2d at 241. We do not, however, express an opinion on the validity of plaintiff's claim except to say that plaintiff's complaint should not have been dismissed for failure to state a claim.

We now turn to NCNB's appeal concerning the dismissal of its crossclaim against the State.

[2] The issues presented by NCNB's appeal are: (1) whether NCNB's crossclaim is a tort claim against the State; and if it is a tort against the State, (2) whether it should be heard in the Industrial Commission, or as a third-party claim eligible to be heard in state court. We hold that NCNB's crossclaim is a tort claim against the State and must be heard in the Industrial Commission.

NCNB's crossclaim has two counts: one for indemnification and one for contribution. Both counts are based on the theory that if NCNB is liable to plaintiff, the State is liable to NCNB for contribution or indemnity because the State's negligence concurred with NCNB's as the cause of the loss of the bearer bonds. Therefore, NCNB's crossclaim is a "tort claim." *See* Am. Jur. 2d *Indemnity* § 20, and *Contribution* § 40. Second, NCNB's crossclaim names the State of North Carolina as the crossclaim defendant. NCNB did not name the Commissioner of Insurance or the Department of Insurance as crossclaim defendants. By its terms the Tort Claims Act does not list the State of North Carolina as a covered entity. The Tort Claims Act applies to "tort claims" against "the State Board of Education, the Board of Transportation, and all other departments, institutions and agencies of the state." N.C. Gen. Stat. § 143-291. However, the Tort Claims Act has been interpreted to cover tort claims against the State of North Carolina itself: "Since the Tort Claims Act provides that tort actions against the *State*, its departments, institutions, and agencies must be brought before the Industrial

Commission, it is settled law that the Superior and District Courts of this State have no jurisdiction over a tort claim against *the State, or its agencies . . . ." Guthrie v. State Ports Authority*, 307 N.C. 522, 540, 299 S.E. 2d 618, 628 (1983) (emphasis added).

In *Teachy v. Coble Dairies, Inc.*, 306 N.C. 324, 293 S.E. 2d 182 (1982), the North Carolina Supreme Court held that the State may be joined as a *third-party defendant* in an action for indemnification or contribution in state court. *Id.* at 332, 293 S.E. 2d at 187. NCNB contends that *Teachy* should be extended to allow state courts to hear *crossclaims* against the State for indemnification and contribution.

*Teachy* is distinguishable. The court in *Teachy* relied heavily on N.C. Gen. Stat. § 1A-1, Rule 14(c), which provides:

(c) *Rule applicable to State of North Carolina. —Notwithstanding the provisions of the Tort Claims Act, the State of North Carolina may be made a third party under subsection (a) or a third-party defendant under subsection (b) in any tort action.* In such cases, the same rules governing liability and the limits of liability of the State and its agencies shall apply as is provided for in the Tort Claims Act. (Emphasis added.)

The distinguishing feature between this case and *Teachy* is that in this case there is no express provision that allows tort-based *crossclaims* against the State to be heard in state court. N.C. Gen. Stat. § 1A-1, Rule 13(g), provides that crossclaims may be brought by one coparty against another:

(g) *Crossclaim against coparty.*— A pleading may state as a crossclaim any claim by one party against a coparty arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such crossclaim may include a claim that the party against whom it is asserted is or may be liable to the crossclaimant for all or part of a claim asserted in the action against the crossclaimant.

The Legislature has simply not similarly excepted crossclaims against the State from the Tort Claims Act as it has for third-party claims, *cf. Columbus County Auto Auctions, Inc. v. Aycock Auction Company*, 90 N.C. App. 439, 442, 368 S.E. 2d 888, 890

(1988). We note that the dissent would find jurisdiction to hear the crossclaim. While we agree that it is logical to extend the holding of *Teachy* to crossclaims, we have construed the statutes as they are written and decline to judicially create another exception to the Tort Claims Act. Statutes waiving sovereign immunity must be strictly construed. *Guthrie*, 307 N.C. at 537-38, 299 S.E. 2d at 627. "The State may be sued in tort only as authorized by the Tort Claims Act." *Id.* at 535, 299 S.E. 2d at 625. Therefore, the superior court had no subject matter jurisdiction over NCNB's crossclaim against the State. We affirm that portion of the judgment dismissing NCNB's crossclaim.

In summary, the portion of the trial court's order granting the State's motion to dismiss plaintiff's complaint is reversed, and the portion of the order granting the State's motion to dismiss NCNB's crossclaim is affirmed.

Affirmed in part, reversed in part, and remanded.

Judge JOHNSON concurs.

Judge WELLS concurs in part and dissents in part.

Judge WELLS concurring in part and dissenting in part.

I concur with the majority that the trial court erred in dismissing plaintiff's claim against the State. I would go one step further, however, and hold that plaintiff has stated a valid claim for relief against the State under the provisions of N.C. Gen. Stat. § 58-182.6 and § 58-188.1.

I dissent from that part of the majority opinion which holds that the trial court properly dismissed NCNB's crossclaim against the State. I would hold that NCNB stated a valid crossclaim and that the trial court had jurisdiction to determine that claim.