LegalZoom.com, Inc. v. The North Carolina State Bar, 2012 NCBC 47.

STATE OF NORTH CAROLINA

COUNTY OF WAKE

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
11 CVS 15111

| | |
|---|---|
| LEGALZOOM.COM, INC.,       ) | |
|         ) | |
|      Plaintiff,      ) | |
|         ) | |
|     v.        ) | **ORDER ON MOTION** |
|         ) | **TO DISMISS** |
| THE NORTH CAROLINA STATE  ) | |
| BAR,        ) | |
|         ) | |
|      Defendant.    ) | |
|         ) | |

{1}　THIS MATTER is before the court on Defendant's Motion to Dismiss the Plaintiff's Complaint for Failure to State a Claim Upon Which Relief Can Be Granted ("Motion") brought pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure ("Rules"). For the reasons stated, the Motion is DENIED in part and DEFERRED in part.

> *Allen, Pinnix & Nichols, P.A., by Alfred P. Carlton, Jr., and Nexsen Pruet, PLLC, by R. Daniel Boyce and Gene Boyce, for Plaintiff LegalZoom.com, Inc.*

> *North Carolina Department of Justice, by I. Faison Hicks, Special Deputy Attorney General, for Defendant The North Carolina State Bar.*

Gale, Judge.

## I. PROCEDURAL HISTORY

{2}　Plaintiff LegalZoom.com, Inc. ("LegalZoom") filed this action against Defendant The North Carolina State Bar ("State Bar") in Wake County Superior Court on September 30, 2011.

{3}　The matter was initially designated as an exceptional civil case pursuant to General Rules of Practice for the Superior and District Courts 2.1. Subsequently,

the State Bar gave notice of its designation of the matter as a mandatory complex business case pursuant to N.C. Gen. Stat. § 7A-45, as a result of which Chief Justice Parker designated the matter to the Business Court, and Business Court Chief Judge Jolly assigned the matter to the undersigned.

{4} The State Bar filed the Motion on December 5, 2011. It has not otherwise responded to the Complaint

{5} Although the Motion seeks to dismiss the Complaint for failure to state a claim, the State Bar does not contend that the Complaint fails to present a controversy on which the court can properly issue its declaration. To the contrary, the State Bar requests that the court determine issues raised by LegalZoom's Complaint in the State Bar's favor without further pleadings. The State Bar contends the court can support its ruling based only on the Complaint, along with its exhibits and the web pages which are referenced by the Complaint and which are integral to its allegations. (Def.'s Br. in Supp. of Mot. to Dismiss 11-12.)

{6} The State Bar has made clear that the court should not construe its Motion as a Rule 12(c) motion for judgment on the pleadings. In fact, the pleadings are not yet closed.

{7} In opposing the Motion, LegalZoom likewise concentrates its arguments on the merits of its claims. It contends that the court should issue a declaration in its favor, but only after further evidentiary proceedings. LegalZoom contends that it has adequately pled that the State Bar exceeded its statutory powers, first by asserting enforcement power by communicating to the public that LegalZoom is prohibited from offering its services in North Carolina, and second, by refusing to register LegalZoom's prepaid legal services plans. (Pl.'s Br. in Opp'n 13.) LegalZoom further asserts it has adequately pled a claim entitling it to a declaration that LegalZoom is not engaged in the unauthorized practice of law.

{8} The Motion has been fully briefed and argued, and is ripe for disposition.

{9} The court concludes that the Motion should be DENIED at least to claims related to the scope of the State Bar's statutory powers in the absence of any enforcement proceeding. The Motion's scope is limited to whether LegalZoom

presents a controversy on which it is entitled to a court declaration, and the Motion is not the proper vehicle to determine the merits of whether LegalZoom will ultimately be entitled to the declaration it seeks. The court's ruling is not and does not predict a ruling as to the ultimate merits of the positions of either Party.

## II. FACTUAL BACKGROUND

{10} The following allegations provide context for the court's ruling, but are not findings of fact. Where necessary, the allegations are construed favorably to LegalZoom which opposes the Motion.

{11} LegalZoom is a Delaware corporation with its principal place of business in Glendale, California which provides legal document services and prepaid legal services plans. (Compl. ¶¶ 2, 9.) LegalZoom's legal document service is available via the internet to consumers both in North Carolina and nationally, but its legal services plans are not presently available in North Carolina because they have not been registered by the State Bar. (Compl. ¶ 9.)

{12} The State Bar is an agency of the State of North Carolina, created by N.C. Gen. Stat. § 84-15, and its duties include regulation of the practice of law in North Carolina and enforcement of laws proscribing the unauthorized practice of law under Chapter 84. (Compl. ¶ 5.)

{13} The State Bar's Authorized Practice of Law Committee first notified LegalZoom of an investigation of its document services in a March 13, 2003 letter. (Compl. ¶ 20, Ex. 1.) LegalZoom responded on April 10, 2003 in a letter explaining the services LegalZoom provides to consumers. (Compl. ¶ 21, Ex. 2.) On August 26, 2003, the State Bar advised LegalZoom that its inquiry was being terminated because the evidence from the investigation could not support a finding of probable cause of a violation of Chapter 84. (Compl. ¶ 23, Ex. 3.)

{14} The State Bar notified LegalZoom of a second inquiry into its business practices by a January 30, 2007 letter. (Compl. ¶ 24, Ex. 4.) LegalZoom responded with a February 13, 2007 letter, which stressed that its business model had not changed since 2003. (Compl. ¶ 25, Ex. 5.)

{15}  On May 5, 2008, the State Bar issued a letter which is captioned "LETTER OF CAUTION- Cease and Desist" (the "Cease and Desist Letter"). (Compl. ¶ 26, Ex. 6.)  The letter states:

> Legalzoom's conduct as described above is illegal in North Carolina and must end immediately.  Specifically, Legalzoom may not prepare or offer to prepare legal documents to North Carolina residents or for use in North Carolina . . . . Legalzoom may not offer to provide any legal services in North Carolina or represent that its services have been reviewed by an attorney or are legally sufficient for the customer's legal needs.  If you continue your activities, the State Bar may seek a court order to perpetually enjoin your unlawful conduct . . . . Please also be aware that the unauthorized practice of law can be prosecuted as a criminal misdemeanor offense . . . .

{16}  LegalZoom responded on June 13, 2008, asserting that the State Bar was mistaken about LegalZoom's business practices and applicable law.  (Compl. ¶ 27, Ex. 7.)

{17}  The State Bar has not instituted any civil enforcement action to enjoin LegalZoom, and no criminal proceedings have been brought against LegalZoom. (Compl. ¶ 32.)

{18}  LegalZoom contends that the State Bar has also made other communications, including to regulatory authorities in other states, which wrongfully assert that LegalZoom is prohibited from offering its document services in North Carolina, as if its Cease and Desist Letter has the force of law.  LegalZoom contends these communications exceed the State Bar's authority and are defamatory.  (Compl. ¶¶ 33-37.)

{19}  LegalZoom continues to provide legal document services to North Carolina consumers notwithstanding the State Bar's communications.  (Compl. ¶¶ 19, 38.)

{20}  LegalZoom applied for registration of its prepaid legal services plans on July 14, 2010.  (Compl. ¶ 39, Ex. 10.)

{21}  By its November 18, 2010 letter, the State Bar declined to register the plans, but requested additional information from LegalZoom.  (Compl. ¶ 45, Ex. 14.) LegalZoom responded on December 29, 2010.  (Compl. ¶ 46, Ex. 15.)

{22} On April 28, 2011, the State Bar deferred registration of the prepaid legal services plans pending a determination of whether LegalZoom would provide access to its internet document services through its prepaid legal services plans. (Compl. ¶ 47, Ex. 17.)

{23} By letter dated July 8, 2011, LegalZoom confirmed that its internet document services would be made available to participants in its prepaid legal services plans. LegalZoom also contended that the State Bar had no legal basis to deny registration, particularly because the Cease and Desist Letter was only advisory and does not have the force of law. (Compl. ¶ 48, Ex. 18.)

{24} LegalZoom requested a meeting with the State Bar which was denied. (Compl. ¶¶ 50-51.)

{25} The State Bar continues to refuse to register LegalZoom's prepaid legal services plans. (Compl. ¶ 51.) LegalZoom asserts that such registration is ministerial now that it has satisfied all prerequisites to registration. (Compl. ¶¶ 51-52.)

{26} LegalZoom does not and cannot currently offer prepaid legal services plans in North Carolina until the plans are registered by the State Bar. (Compl. ¶¶ 9, 19, 38.)

{27} LegalZoom's Complaint asserts four causes of action. The first three assert claims of a violation of the Monopoly Clause of the North Carolina State Constitution, denial of Equal Protection, and commercial disparagement. These claims presume LegalZoom is not engaged in the unauthorized practice of law, and appear to depend upon LegalZoom's success on its fourth claim which seeks a declaratory judgment to that effect. The prayer for relief asks the court to declare that the State Bar has acted beyond its authority, to declare that LegalZoom is not engaged in the unauthorized practice of law, and to grant ancillary injunctive relief to effectuate its declarations. The court concludes that it should address the Motion as to the first three causes of action only after the Motion as to the fourth claim is fully resolved.

## III. STANDARD OF REVIEW

{28}   A motion to dismiss a declaratory judgment claim tests whether the Complaint presents a concrete present controversy on which the court can and should issue its declaration; a Rule 12(b)(6) motion does not test whether the plaintiff in a declaratory judgment action is ultimately entitled to the declaration it seeks.  As a result, a motion to dismiss "is seldom an appropriate pleading in actions for declaratory judgments, and will not be allowed simply because the plaintiff may not be able to prevail.  It is allowed only when the record clearly shows that there is no basis for declaratory relief as when the complaint does not allege an actual, genuine existing controversy." *N.C. Consumers Power, Inc. v. Duke Power Co.,* 285 N.C. 434, 439, 206 S.E.2d 178, 182 (1974); *see also Walker v. Charlotte*, 268 N.C. 345, 347-48, 150 S.E.2d 493, 495 (1966) (a declaratory judgment action survives a demurrer if it states the existence of a controversy to be settled).

{29}   Litigants should not use a declaratory judgment action to seek "a purely advisory opinion which the parties might, so to speak, put on ice to be used if and when the occasion might arise." *Gaston Bd. of Realtors, Inc. v. Harrison,* 311 N.C. 230, 234, 316 S.E.2d 59, 62 (1954), *citing Town of Tryon v. Duke Power Co.,* 222 N.C. 200, 204, 22 S.E.2d 450,453 (1942).  A civil declaratory judgment action is not a proper vehicle to determine, in advance, whether particular acts constitute criminal offenses.  *Jernigan v. State,* 279 N.C. 556, 561, 184 S.Ed.2d 259, 263-64 (1971).  Where issues may arise in both a civil and criminal context, the court can only resolve issues in a civil declaratory judgment action to the extent that they have arisen in a present actual controversy between the parties.  *Chadwick v. Salter,* 254 N.C. 389, 119 S.E.2d 158 (1961).

{30}   A potential controversy based on the threat of litigation may not yet be appropriate for declaratory relief if no affirmative claim has yet been presented and litigation between the parties is not inevitable.  *See* , *i.e.*, *Fabrikant v. Currituck County,* 174 N.C. App. 30, 45, 621 S.E.2d 19, 29 (2005), *Newman Machine Co. v. Newman*, 2 N.C. App. 491, 494, 163 S.E. 2d 279, 282 (1968), rev'd on other grounds, 275 N.C. 189, 166 S.E. 2d 63 (1969).

## IV. ANALYSIS

{31} The respective briefs and arguments reflect the Parties' shared contention that the court should proceed to examine the merits of whether LegalZoom is engaged in the unauthorized practice of law. There is no question that the Parties have contrasting views on that issue. That does not, however, inescapably lead to a conclusion that the issue is properly before the court on the Motion.

{32} Clearly, the State Bar has made certain communications following its investigation of LegalZoom's conduct and has expressed its own conclusion on the ultimate issue of unauthorized practice of law. However, neither the State Bar nor any district attorney has initiated civil or criminal proceedings against LegalZoom. Likewise, the State Bar has not yet brought an affirmative counterclaim to enjoin LegalZoom.

{33} The State Bar is the state agency primarily responsible for investigating the unauthorized practice of law. N.C. Gen. Stat. § 84-37. In addition to its investigatory powers, it may obtain injunctive relief in the Superior Court. *Id.* The unauthorized practice of law is also a criminal offense which may be prosecuted by a district attorney as a Class 1 misdemeanor. N.C. Gen. Stat. §§ 84-7, 84-8. To date, neither of these enforcement proceedings has been initiated.

{34} The State Bar has an Authorized Practice Committee, which among other powers, may issue demands to cease and desist based on certain findings defined by the State Bar's regulations, which include findings either that there is no probable cause to conclude that the conduct under investigation constitutes the unauthorized practice of law, or if there is such probable cause, that the conduct is not likely to continue. 27 N.C. ADMIN. CODE 01E.0208. Here, the State Bar obviously contends that there is probable cause to conclude that LegalZoom's document services constitute the unauthorized practice of law, and clearly LegalZoom continues to provide its internet document services.

{35} The question then arises as to whether the State Bar acts within its power in communicating, without the benefit of a final court judgment, an ultimate

conclusion that LegalZoom's conduct is unlawful and that LegalZoom is, therefore, prohibited from offering its services in North Carolina.

{36}  Likewise, the Complaint presents the question whether the State Bar acts within its authority when refusing to register a prepaid legal services plan based on its own conclusions but without the benefit of such a final judgment.

{37}  The court can reach each of those two questions without necessarily determining whether the State Bar is correct in its position on the ultimate issue of whether LegalZoom is engaged in the unauthorized practice of law.

{38}  The issue of registering the prepaid legal services plan is a present one which immediately affects LegalZoom.  Any organization offering prepaid legal services plans must register its plans with the State Bar Council.  N.C. Gen. Stat. § 84-23.1.  The State Bar does not approve or disapprove such plans or issue a legal opinion concerning them, and registration is not to be construed as approval or disapproval.  27 N.C. ADMIN. CODE 01E.0301.  Such plans may not be implemented before registration.  27 N.C. ADMIN. CODE 01E.0302.

{39}  While the State Bar's communications have not prevented LegalZoom from continuing its internet document services, its refusal to register LegalZoom's prepaid legal services plans effectively prevents LegalZoom from offering the plans in North Carolina.

{40}  LegalZoom's claims then divide into two separate categories, which present different inquiries as to whether those claims are proper subjects for a declaratory judgment action.  The first category inquires as to what statutory powers are given to the State Bar to act in advance of a final court determination as to the alleged unauthorized practice of law.  The second category seeks to have the court determine that ultimate issue without either the State Bar or a district attorney having presented a claim of unauthorized practice of law.  The first category presents an actual present controversy appropriate for declaratory relief.  The result is not so clear as to the second category.  LegalZoom has not yet been prevented from offering its internet document services.  Further, significant policy

considerations are at play when a court is asked to adjudicate issues in advance of actions brought by an enforcement agency.

{41} The court concludes that the Rule 12(b)(6) motion should not be viewed as the equivalent of an enforcement action. The Motion arises in a posture of no pending enforcement action.

{42} The Motion should be denied as to the claims which seek to declare that the State Bar has exceeded its statutory powers. A Rule 12(b)(6) motion only determines whether the plaintiff has stated a claim on which a declaration should issue. If so, it does not further determine whether that claim will ultimately succeed. The Complaint states a claim adequate to seek a court declaration as to the scope of the State Bar's powers.

{43} The court, however, reserves further ruling as to whether LegalZoom has properly stated a claim which seeks a declaration whether its conduct constitutes unauthorized practice of law. The court defers that ruling until the State Bar responds further to the Complaint.

{44} A declaratory judgment's use is circumscribed when its intent is to resolve an application of a statute to particular facts in advance of an action brought by an agency charged with enforcing that statute. That is particularly true when the conduct in question may also constitute a criminal offense. A declaratory judgment action is not generally envisioned as a proceeding to force a State agency or criminal authority to undertake an enforcement proceeding it has in its discretion to date elected not to take.

{45} Certainly, the State Bar is empowered by N.C. Gen. Stat. § 84-37 to seek to enjoin LegalZoom. This court appears to be a proper forum to seek such relief, should the State Bar so choose. If it does, the Motion as to this request may become moot as the State Bar will have requested a declaration on the same issue. If the State Bar elects to seek such a ruling, its request should be by a counterclaim, not by a Rule 12(b)(6) motion. Until the State Bar responds further to the Complaint, the court defers its determination of whether, in the absence of a claim by the State Bar, LegalZoom may properly ask the court to declare the legality of its conduct.

{46}   The court's ruling does not necessarily indicate that any of the issues raised by the Complaint cannot later be determined short of a trial.

{47}   The court has carefully and thoroughly considered the Parties' positions and arguments before issuing this ruling.  The court does not wish to exalt procedure over substance, and does not believe it has done so.

{48}   The court further concludes that it should reserve ruling on the Motion as it relates to LegalZoom's first three causes of action because of the relations of those claims to the fourth cause of action.  The State Bar is not foreclosed from presenting Rule 12(b)(6) defenses to those claims when filing its further response.

## V.  CONCLUSION

{49}   The Motion is DENIED as to Claim Four.  A further ruling is DEFERRED, and the State Bar is directed to respond further to the Complaint.

{50}   The State Bar may file its further response on or before September 21, 2012.  The court will then consider an appropriate Case Management Order, and whether a further status conference should be held prior to the entry of such Order.


IT IS SO ORDERED, this 27th day of August, 2012.