Turner v. Hunt Hill Apartments, LLC, 2020 NCBC 12.

STATE OF NORTH CAROLINA

BUNCOMBE COUNTY

JOHN TURNER, on behalf of
SWEETWATER CONSTRUCTION,
LLC,

    Plaintiff and Counterclaim
Defendant,

v.

HUNT HILL APARTMENTS, LLC,

    Defendant and Counterclaim
Plaintiff.

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
19 CVS 2195

**ORDER AND OPINION ON
MOTION TO DISMISS, MOTION
FOR LEAVE TO AMEND, MOTION
TO DISQUALIFY, MOTION TO STAY,
AND MOTION TO INTERVENE**

1. In this derivative action, John Turner alleges that Hunt Hill Apartments, LLC ("Hunt Hill") owes money to Sweetwater Construction, LLC ("Sweetwater"). This Opinion addresses five motions: Hunt Hill's motions to dismiss the complaint and to disqualify opposing counsel, (ECF Nos. 4, 18); Turner's motions for leave to amend the complaint and to stay the case pending the outcome of related litigation in South Carolina, (ECF Nos. 13, 16); and a motion to intervene by Sweetwater and Kassinger Development Group, LLC ("KDG"), (ECF No. 5). All five motions relate in some fashion to whether Turner has standing to bring claims on Sweetwater's behalf.

2. For the reasons given below, the Court **GRANTS** Hunt Hill's motions to dismiss and to disqualify, **STRIKES** Turner's motions for leave to amend and for a stay, and **DEFERS** the motion to intervene.

> *Sellers, Ayers, Dortch & Lyons, P.A., by Brett E. Dressler and Michelle Massingale Dressler, for Plaintiff John Turner and prospective plaintiff Sweetwater Construction, LLC.*

*Robinson, Bradshaw & Hinson, P.A., by Edward F. Hennessey, IV and Amanda Pickens Nitto, for Defendant Hunt Hill Apartments, LLC and prospective intervenors Sweetwater Construction, LLC and Kassinger Development Group, LLC.*

Conrad, Judge.

## I.
## BACKGROUND

3. The complaint states the claims for relief simply. Hunt Hill engaged Sweetwater, a South Carolina LLC, as the general contractor for construction of an apartment complex in Asheville, North Carolina. (*See* Compl. ¶¶ 1, 6–8, ECF No. 3.) Though Sweetwater did the work, Hunt Hill didn't pay the bill. (*See* Compl. ¶¶ 9, 10.) That, Turner alleges, amounts to breach of contract or unjust enrichment. As an officer with "an ownership interest" in Sweetwater, Turner wanted the company to press its claims. (Compl. ¶¶ 11, 17.) It didn't, so Turner took matters into his own hands and sued on Sweetwater's behalf.

4. Of course, it's never that easy. Complicating matters is an ongoing fight for control of Sweetwater. In related litigation, Turner has asked a South Carolina court to declare him the LLC's sole member or at least a member with a sizeable minority interest. (*See* Pl.'s Mot. to Stay Ex. 3, ECF No. 16.3 ["S.C. Am. Compl."].) Among the defendants there are Edward Kassinger and KDG; they deny that Turner has any membership interest at all. Nearly a dozen other direct and derivative claims by Turner depend in whole or in part on the resolution of that issue. These include a claim to expel Kassinger and KDG as members of Sweetwater (if either is a member); a claim to require Kassinger or KDG to buy Turner's interest (if Turner is a minority member); and a claim against Sweetwater for the value of services performed by

Turner as an employee or officer (if Turner is not a member). (*See* S.C. Am. Compl. ¶¶ 94–100, 111–14, 119–21.)

5.     Turner's relationship to Sweetwater has also taken center stage here. Hunt Hill filed a counterclaim and a motion to dismiss the complaint, both challenging Turner's standing to bring derivative claims. (*See* Answer, Mot. to Dismiss, & Countercl., ECF No. 4.) KDG moved to intervene for the same reason, claiming to be Sweetwater's sole member and the only entity with authority to act on its behalf or to cause it to act in its own right. (*See* Mot. to Intervene ¶ 3, ECF No. 5.) Sweetwater is also named as a prospective intervenor in KDG's motion.

6.     Turner answered these motions with two of his own. First, he moved for leave to amend the complaint. (*See* Pl.'s Mot. Leave to File 1st Am. Compl., ECF No. 13 ["Mot. to Amend"].) Among other things, the proposed amendment would reboot the lawsuit as a direct action by Sweetwater while retaining the derivative action by Turner as an "alternative." (Mot. to Amend Ex. 1, ECF No. 13.1 ["Proposed Am. Compl."].) Turner's view is that either the direct action would proceed if the South Carolina court declares him to be Sweetwater's sole member (thus giving him authority to cause the company to sue in its own right) or the derivative action would proceed "[i]f the South Carolina litigation vests ownership of Sweetwater in both Turner and KDG . . . ." (Proposed Am. Compl. ¶ 35; *see also* Pl.'s Br. in Supp. Mot. to Amend 3, ECF No. 14.) On that theory, Turner also moved to stay the case pending the South Carolina court's decision. (*See* Pl.'s Mot. to Stay, ECF No. 16.)

7.     Finally, Hunt Hill moved to disqualify Sellers, Ayers, Dortch & Lyons, P.A. ("Sellers Ayers") as counsel for Turner and Sweetwater. (*See* Def.'s Mot. to Disqualify Pl.'s Counsel, ECF No. 18 ["Mot. to Disqualify"].) According to Hunt Hill, Sellers Ayers has multiple conflicts of interest. These include, among other things, that the law firm represents Turner against Sweetwater in South Carolina while also representing Turner on Sweetwater's behalf in this case and, in the motion to amend, purporting to represent Sweetwater directly. (*See* Def.'s Br. in Supp. Mot. to Disqualify 1, 9–18, ECF No. 19.) Hunt Hill seeks an order striking and denying any motions and other documents that Sellers Ayers has filed on behalf of Turner and Sweetwater. (*See* Def.'s Br. in Supp. Mot. to Disqualify 18.)

8.     The Court held a hearing on all five motions on November 7, 2019. The motions are ripe for determination.

## II.
## ANALYSIS

9.     Of the many pending issues, some take precedence over others. Jurisdiction is a threshold question going to the Court's "power to hear and to determine a legal controversy." *High v. Pearce*, 220 N.C. 266, 271, 17 S.E.2d 108, 112 (1941) (citation and quotation marks omitted). Disqualification is a threshold question of a different kind. Because a conflict of interest could undermine the integrity of the judicial process, courts routinely decide motions to disqualify before all other matters, except subject matter jurisdiction. *See In re Se. Eye Ctr.–Pending Matters*, 2020 NCBC LEXIS 12, at *4–6 & n.2 (N.C. Super. Ct. Jan. 30, 2020) (collecting cases).

10. With these principles in mind, the Court begins with the jurisdictional challenge to Turner's derivative claims. The Court then turns to Hunt Hill's motion to disqualify Sellers Ayers as counsel for Turner and Sweetwater. Only after deciding these disputes does the Court consider, if necessary, the remaining issues, including the competing motions to add Sweetwater as a plaintiff or to add KDG and Sweetwater as intervening defendants.

A. Jurisdiction Over Turner's Derivative Claims

11. Hunt Hill contends that Turner lacks standing to sue derivatively on Sweetwater's behalf. (*See* Def.'s Br. in Supp. Mot. to Dismiss 9–15, ECF No. 8.) "Standing refers to whether a party has a sufficient stake in an otherwise justiciable controversy such that he or she may properly seek adjudication of the matter." *Am. Woodland Indus., Inc. v. Tolson*, 155 N.C. App. 624, 626, 574 S.E.2d 55, 57 (2002). It "is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 113, 574 S.E.2d 48, 51 (2002) (quoting *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878 (2002)).

12. Because Sweetwater is a South Carolina LLC, whether Turner has standing to sue on its behalf is a question of South Carolina law. *See* N.C.G.S. § 57D-8-06. The relevant statute states that the plaintiff in a derivative action for an LLC "must be a member of the company when the action is commenced" and "must have been a member at the time of the transaction of which the plaintiff complains[.]" S.C. Code Ann. § 33-44-1102. These and other statutory requirements needed to confer

derivative standing are also embodied in South Carolina procedural law and "have long been recognized as important gatekeepers in South Carolina corporate jurisprudence." *Carolina First Corp. v. Whittle*, 539 S.E.2d 402, 407 (S.C. Ct. App. 2000) (citing S.C. R. Civ. P. 23(b)(1)).

13. At no point does the complaint allege that Turner is a member of Sweetwater as section 33-44-1102 requires. Rather, Turner claims to be its president and alleges that he has an undefined "ownership interest" in the company. (Compl. ¶¶ 11, 17.) Neither suffices. Turner does not point to any law allowing derivative suits by officers. And South Carolina law makes clear that ownership without membership does not carry the right to bring a derivative action. *See, e.g.*, S.C. Code Ann. § 33-44-502 ("A transfer of a distributional interest does not entitle the transferee to become or to exercise any rights of a member.").

14. In short, even taking Turner's allegations as true, he has not pleaded facts to support his standing as a derivative plaintiff. The Court therefore lacks subject matter jurisdiction and grants Hunt Hill's motion to dismiss the complaint on that basis.[*]

15. Turner contends that his motion to amend the complaint would cure this defect. It would not. The proposed amended complaint alleges that

> Turner contends he is the sole member of Sweetwater, or in the alternative, that KDG has breached its promise to convey its

---

[*] The Court need not address Hunt Hill's other arguments in favor of dismissal of the complaint, including its challenge to the sufficiency of Turner's presuit demand. *See* S.C. Code Ann. § 33-44-1101. It bears noting that Turner did not verify the complaint or the jurisdictional allegations within it. *See* N.C. R. Civ. P. 23(b) (requiring verification of derivative complaint); S.C. R. Civ. P. 23(b)(1) (same); *see also Coleman v. Coleman*, 2015 NCBC LEXIS 114, at *18 (N.C. Super. Ct. Dec. 10, 2015) (dismissing unverified derivative complaint).

membership interest in Sweetwater, which would make Turner the sole member of Sweetwater.  Otherwise, Turner contends he is a 49% minority member of Sweetwater.

(Proposed Am. Compl. ¶ 10.)  Even if this allegation is sufficient to plead that Turner is presently a member of Sweetwater, there is no allegation that Turner was "a member at the time of the transaction of which [he] complains[.]"  S.C. Code Ann. § 33-44-1102.  As a result, the proposed amendment does not cure Turner's inadequate allegations as to standing, nor does it confer subject matter jurisdiction on the Court to hear and decide his derivative claims.  In the absence of jurisdiction, the Court must deny Turner's motion to amend to the extent it seeks to renew his derivative claims.  *See Sessions v. Five "C's," Inc.*, 2011 N.C. App. LEXIS 1217, at *11–12 (N.C. Ct. App. June 21, 2011) (unpublished) (affirming denial of motion to amend that failed to establish plaintiff's derivative standing).

### B. Motion to Disqualify

16.    The absence of jurisdiction over Turner's derivative claims does not bring an immediate end to the case.  Turner has sought leave to add Sweetwater as a plaintiff in its own right, and he is also a counterclaim defendant for purposes of Hunt Hill's request for declaratory relief.  Thus, the Court turns to Hunt Hill's motion to disqualify Sellers Ayers as counsel for Turner and Sweetwater.  As noted, the Court must decide the motion to disqualify first due to the "obvious risk" that Turner's motions may "have been prepared by conflicted counsel[.]"  *In re Se. Eye Ctr.–Pending Matters*, 2020 NCBC LEXIS 12, at *4–5.

17.    At the outset, the Court rejects any assertion that Hunt Hill and its counsel lack standing to move for disqualification.  As other courts have observed, "resolution

of potential conflicts of interest is essential to maintaining the integrity of court proceedings. . . ." *Pergament v. Ladak*, 2013 U.S. Dist. LEXIS 102824, at \*4–5 (E.D.N.Y. July 23, 2013).  Opposing counsel must be allowed—and may be obligated—to call potential conflicts "to the attention of the court."  *United States v. Clarkson*, 567 F.2d 270, 271 n.1 (4th Cir. 1977).

18.  Whether to disqualify counsel is a matter within the trial court's discretion. *See, e.g., Travco Hotels, Inc. v. Piedmont Nat. Gas Co.*, 332 N.C. 288, 295, 420 S.E.2d 426, 430 (1992).  Here, the Court looks to North Carolina Rule of Professional Conduct 1.7, which states that "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest."  N.C. Rev. R. Prof'l Conduct 1.7(a).  A concurrent conflict exists if "the representation of one client will be directly adverse to another client" or if "the representation of one or more clients may be materially limited by the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer."  *Id.*  As an exception, a lawyer may represent a client despite the existence of a concurrent conflict if certain conditions are met, including that each client gives informed consent and that "the representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal . . . ."  *Id.* 1.7(b)(3); *see also Lowder v. All Star Mills, Inc.*, 309 N.C. 695, 704, 309 S.E.2d 193, 200 (1983) ("[T]he law does not tolerate that the same counsel may appear on both sides of an adversary proceeding, even colorably . . . ." (citation and quotation marks omitted)).

19.   The conflict here is clear.   In this litigation, Sellers Ayers purports to represent Sweetwater and continues to represent Turner in defending against Hunt Hill's counterclaim.  In the South Carolina litigation, Sellers Ayers represents Turner and an entity called Southern Point Construction, LLC *against* Sweetwater.  The operative complaint there includes a claim by Turner against Sweetwater for quantum meruit and another claim by Southern Point Construction against Sweetwater for breach of contract.  (*See* S.C. Am. Compl. ¶¶ 94–100, 148–52.)  As Hunt Hill correctly notes, Sellers Ayers "is explicitly seeking to represent as a client an LLC that it is actively suing on behalf of another client."  (Def.'s Br. in Supp. Mot. to Disqualify 11.)

20.   The Court concludes that this is an actual, concurrent conflict of interest. As the comment to the Rules of Professional Conduct make clear, "absent consent, a lawyer may not act as an advocate in one matter against a person the lawyer represents in some other matter, even when the matters are wholly unrelated."  N.C. Rev. R. Prof'l Conduct 1.7 cmt. 6; *see also Grant Constr. Co. v. McRae*, 146 N.C. App. 370, 379, 553 S.E.2d 89, 95 (2001) (observing that lawyer's representation of client in one proceeding and against client in another "would have been a clear conflict").  That is especially true when the matters are substantially related, as they are here.  (*See* Pl.'s Br. in Supp. Mot. to Stay 1, ECF No. 17 (representing that some of "the issues . . . in this action are identical to those already being litigated in the South Carolina action").)  Given the ongoing assertion of claims by two clients against the third, it is questionable whether the affected clients could give consent to the conflict, and

Sellers Ayers has not even suggested that they could. Thus, disqualification is appropriate. *See, e.g.*, *State v. Taylor*, 155 N.C. App. 251, 265, 574 S.E.2d 58, 67 (2002).

21. At the hearing, counsel suggested that the conflict could be eliminated by finding a new attorney to represent one client or another. But it is dubious whether a lawyer may drop one client to avoid a conflict with another. *See, e.g.*, *State Comp. Ins. Fund v. Drobot*, 192 F. Supp. 3d 1080, 1114–15 (C.D. Cal. 2016) (discussing "hot potato rule"). After all, "the lawyer has an equal duty of loyalty to each client . . . ." N.C. Rev. R. Prof'l Conduct 1.7 cmt. 31.

22. Counsel also suggested that any conflict arising from the representation of Sweetwater is not material because it is no longer an operating company. This, too, is unpersuasive. In South Carolina, as elsewhere, "a limited liability company is a legal entity distinct from its members." S.C. Code Ann. § 33-44-201. No party has argued that the corporate form should be ignored, and in the absence of a sound reason to do so, Sweetwater is entitled to the same duty of loyalty from its lawyers as anyone else even if its business operations have ceased.

23. To be clear, the Court does not find that Sellers Ayers acted in bad faith or with impure motives. Nor has it tried to conceal the alleged conflict or the confusion over Turner's relationship with Sweetwater. Even so, transparency does not excuse a disqualifying conflict. The Court must not "consider whether the motives of counsel in seeking to appear despite his conflict are pure or corrupt; in either case the disqualification is plain." *Clarkson*, 567 F.2d at 273 n.3.

24. In short, Sellers Ayers has an ongoing, adverse, and concurrent conflict. Accordingly, the Court grants the motion to disqualify Sellers Ayers as counsel for Turner and Sweetwater and strikes all filings made on their behalf to the extent not already dismissed, including the motion to amend and the motion to stay. *See Battles v. Bywater, LLC*, 2014 NCBC LEXIS 54, at \*17 (N.C. Super. Ct. Oct. 31, 2014) (striking filings by disqualified counsel). The Court need not address Hunt Hill's alternative argument that Turner had no authority to cause Sweetwater to retain Sellers Ayers as counsel.

### III.
### REMAINING ISSUES

25. The upshot of all this is that the only remaining claim for relief is Hunt Hill's counterclaim for declaratory judgment. "An actual controversy between adverse parties is a jurisdictional prerequisite for a declaratory judgment." *Newton v. Ohio Casualty Ins. Co.*, 91 N.C. App. 421, 422, 371 S.E.2d 782, 783 (1988). What Hunt Hill seeks is a declaration to resolve "the dispute over Turner's right, standing or capacity to act for, on behalf of or in the name of [Sweetwater]." (Answer, Mot. to Dismiss, & Countercl. p.7.) Given that Turner's derivative claims have now been dismissed for lack of standing, it is unclear whether a present, actual controversy still exists. Accordingly, the Court directs Hunt Hill to show cause as to why the counterclaim is not moot.

26. The Court also defers any decision as to the motion to intervene by KDG and Sweetwater until the status of the counterclaim is settled. If the Court lacks

jurisdiction to decide the counterclaim, there would be no pending claims or counterclaims and, thus, no case in which to intervene.

IV.
CONCLUSION

27.    For all these reasons, the Court **ORDERS** as follows:

    a.    Hunt Hill's motion to dismiss is **GRANTED**.  The complaint is **DISMISSED** without prejudice for lack of subject matter jurisdiction.

    b.    Hunt Hill's motion to disqualify is **GRANTED**.  Sellers Ayers is disqualified as counsel for Sweetwater and Turner in this action. Turner's motion to amend, the motion to stay, and all briefs or other supporting materials filed by Sellers Ayers on their behalf are **STRICKEN**.  Any new counsel retained by Turner shall promptly file a Notice of Appearance.

    c.    The Court **DEFERS** ruling on KDG and Sweetwater's motion to intervene.

28.    Now self-represented, Turner shall take action to associate himself to this case through the Court's e-filing system.  Accordingly, Turner shall file a Notice of Association in this action no later than February 18, 2020.  Any questions or requests for further instruction as to the Court's e-filing system may be directed via e-mail to the assigned law clerk.

29.    Finally, within fourteen days of the entry of this Order, Hunt Hill shall file a brief explaining why the counterclaim is not moot.  This filing shall not exceed 2,000 words and in all other respects shall be governed by Business Court Rule 7.8.  Turner

may file a response brief, subject to the same word limitation, within fourteen days of service of Hunt Hill's brief.

**SO ORDERED**, this the 11th day of February, 2020.

/s/ Adam M. Conrad
Adam M. Conrad
Special Superior Court Judge
for Complex Business Cases